## Casey v. Hart Wallace & Company.

(Decided June 8, 1920.)

### Appeal from Shelby Circuit Court.

1. Brokers—Commissions—When Commission is Earned.—A real estate broker may earn his commission either by producing a person who is not only then, but at all times, ready, able and willing to purchase property on the prescribed terms, or by obtaining from the customer a binding contract which the landowner himself may enforce in case of a breach or default in its terms.

2. Brokers—Commissions—When Commission is Earned.—Where the customer presented by the real estate broker is accepted by the owner, and the parties execute a valid and enforcible contract, the broker is entitled to his commission even though the parties, through the fault of one or the other, afterwards refuse to carry out the trade.

3. Appeal and Error—Brokers—Commissions—Executed Contract—When Evidence That Purchaser Refused to Carry Out the Trade Immaterial.—Where the customer furnished by the broker was accepted by the owner, and a valid contract executed between the parties, it was not error, in an action by the broker to recover a commission, to refuse to permit the owner to tell what took place between him and the purchaser with reference to the latter's refusal to accept the deed, it being immaterial whether the failure to consummate the trade was due to the fault of the owner or the purchaser.

4. Brokers—Commissions—Instruction.—In such a case it was not error to assume in the instruction that the broker had earned his commission.

5.  Appeal and Error—Brokers—Commissions—Trial—Instructions.—
    It was not error to refuse an offered instruction where the given
    instruction presented the defense in a more favorable form.

6.  Appeal and Error—New Trial—Disqualification of Juror.—It was
    not error to refuse the defendant a new trial on the ground that
    the wife of one of the jurors was a second cousin to the wife of
    one of the plaintiffs and to the mother of another plaintiff, where
    it was made to appear that there had been an estrangement be-
    tween the families, and that one of the plaintiffs had never
    been in the juror's home, and the other had been there only
    once in twenty years.

E. B. BEARD and GEORGE L. PICKETT for appellant.

BECKHAM & TRIPLETT for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Affirming.

F. M. Casey owned a farm in Shelby county, which
he placed in the hands of Hart Wallace & Company for
sale at the price of $165.00 an acre. The agents showed
the farm to R. S. and J. A. Scobee, who thereupon
entered into a written contract with Casey and wife for
the purchase of the farm. The agents claimed that the
agreed commission was five per cent on the first
$10,000.00, and three per cent on the balance of the pur-
chase price. When the trade was consummated, Casey
gave the agents a check for $500.00, saying that he would
see about the balance of the commission. The check was
lost, but the agents say that it showed that the agreed
commission was as claimed by the agents, and that the
$500.00 was a payment on account. Casey says that the
$500.00 payment was made on condition that it would
be returned if the Scobees did not take the farm. After
the contract was executed, some question arose as to
one of the lines of the survey, and after some discussion
of the matter the trade was rescinded.

Hart Wallace & Company brought this suit to re-
cover $289.00, the balance of the commission. Casey not
only resisted the claim of plaintiffs, but counterclaimed
for the $500.00 which he paid to them. A trial before
a jury resulted in a verdict and judgment for plaintiffs.
Casey appeals.

The point is made that defendant's motion for a per-
emptory instruction should have been sustained because
the sale was never consummated. In support of this

position it is argued that plaintiffs were not entitled to a commission until they produced a customer ready, able and willing to take and pay for the property, which they failed to do. This contention overlooks the rule that a real estate broker may earn his commission either by producing a person who is not only then, but at all times, ready, able and willing to purchase the property on the prescribed terms, or by obtaining from the customer a binding contract which the landowner himself may enforce in case of a breach or default in its terms. 4 R. C. L., p. 307; Randle v. Bloomfield, 146 Ky. 421, 142 S. W. 677; Coleman's Exor. v. Meade, 13 Bush 358; Waters v. Dancey, 23 S. D. 481, 122 N. W. 430, 139 A. S. R. 1071. Here, the customers presented by plaintiffs were accepted by defendant, and the parties executed a valid and enforcible contract. That being true, plaintiffs were entitled to their commission, even though the parties, through the fault of one or the other, afterwards refused to carry out the trade. 4 R. C. L., p. 310; Moore v. Irwin, 39 Ark. 289, 116 S. W. 662, 131 A. S. R. 97, 20 L. R. A. (N. S.) 1168; Richardson v. Olanthe Milling Elevator Co., 167 Ala. 411, 52 So. 659, 140 A. S. R. 45. It follows that the court did not err in refusing the peremptory asked for by defendant.

It being immaterial whether the failure to consummate the trade was due to the fault of defendant, or to the Scobees, the court did not err in refusing to permit defendant to tell what took place between him and the Scobees with reference to their refusal to accept the deed.

Only two instructions were given to the jury. In instruction No. 1, the only question submitted was whether the agreed commission was five per cent on the first $10,000.00 of the purchase price and three per cent on the balance of the purchase price. The jury were told that if they so believed from the evidence, they should find for plaintiffs, but unless they so believed, they should find for defendant. The second instruction submitted to the jury the question whether plaintiffs agreed with the defendant, at the time the defendant delivered the check for $500.00, that if the purchaser did not take the farm they would return the $500.00 to him. Instruction No. 1 is attacked on the ground that it assumed that plaintiffs had earned their commission. For the reasons given above there was no error in this.

Another contention is that the court erred in refusing to give the following instruction:

"If the jury believe from the evidence that plaintiff agreed to sell the farm of defendant at $165.00 per acre, and no specified commission was agreed on, then they should find for plaintiff such a sum as would reasonably compensate plaintiff for his services."

Since instruction No. 1 authorized a finding for plaintiffs only in the event the jury believed from the evidence that the agreed commission was five per cent on the first $10,000.00 of the purchase price and three per cent on the balance, the necessary effect of the instruction was to require a finding for defendant in every other case. That being true, the given instruction not only included the defense presented by the offered instruction, but was much more favorable to the defendant, since if the commission had not been agreed on, there might have been a finding for plaintiffs under the offered instruction but not under the given instruction.

Another ground urged for reversal is the relationship of one of the jurors to plaintiffs. It appears that the wife of one of the jurors was a second cousin to the wife of one of the plaintiffs and to the mother of another plaintiff. It was shown, however, that there was an estrangement between the families, and that one of the plaintiffs had never been in the juror's home, and the other had been there only once in twenty years. In view of these circumstances, and the remoteness of the relationship, we conclude that the court did not err in refusing defendant a new trial because of such relationship.

Judgment affirmed.