## Croxton's Extrx. v. Henry & Fleenor.

(Decided December 16, 1921.)

### Appeal from Clark Circuit Court.

1.    Brokers—Commissions.—A broker with whom lands are listed for sale is entitled to commissions as if he had sold the farm when he finds and presents to the seller a buyer who is ready, able and willing to take the lands at the price and on the terms and conditions named by the seller, even though the sale, through no fault of the broker, is not finally consummated.

2.    Brokers—Commissions.—Where a seller enters into a written contract with a buyer proposed by the broker and whom the broker represents as able financially to buy and pay for the land and the seller, after entering into the contract with the proposed purchaser, not knowing otherwise, pays commissions to the broker on the sale and afterwards the purchaser fails to take the property and it appears that said purchaser was unable financially at the time he entered into the contract to purchase the farm on the terms and conditions named by the seller, the seller who paid the

commissions may have a recovery of the brokers of the amount thus paid.

BENTON &. DAVIS and GEO. C. WEBB for appellant.

HAYS & HAYS and H. S. McGUIRE for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant as executrix had a farm of one hundred acres in Clark county which she desired to sell. She listed it for sale with appellees, Henry and Fleenor, brokers, at $375.00 per acre. They produced a man named Crabtree, who proposed to purchase the farm at the price named and who entered into a written contract with the seller. He paid $1,000.00 at the time of the making of the contract, and agreed to pay $17,750.00 on the 1st day of April, 1919, and the remainder with interest at stated times. On the assumption that appellees, Henry and Fleenor, had consummated the sale they demanded of the seller and were paid the sum of $500.00 as commission. Before the first day of April, which was only a few days from the making of the contract, Crabtree informed the seller that he could not and would not take the land because he was not able to pay for same according to the terms of the contract, and he did not make the payments or any of them nor take the land. Appellant, the seller, demanded of Henry and Fleenor, the brokers, a return of the $500.00 paid by her to them as commission on the sale, but they refused to return the money. She then brought suit against the brokers, setting forth all the facts with respect to the aborted sale of the farm, and averred:

"That at the time she entered into the contract with H. G. Crabtree for the sale of the land mentioned in the petition and paid to the defendants the five hundred dollars commission as stated in the petition, the defendants, in order to induce her to enter into said contract and to pay them said commission, represented and stated to her that said Crabtree was financially able to comply with his contract of purchase, and to pay for said land according to said contract; and that he would do so, and she states that relying upon said representation and statement to be true, and induced thereby, she entered into said contract with said Crabtree, and also paid to the defendants said sum of five hundred dollars, and she states that but for said representation and statement made to her by the defendants she would not have entered into

said contract with said Crabtree nor would she have paid the defendants said sum of money or any of it.

"The plaintiff states that at the time she entered into said contract and paid said money to the defendants she had no knowledge nor information as to the financial condition or ability of said Crabtree and that she relied solely upon the said representation and statement with reference thereto by the defendants."

A general demurrer was sustained by the trial court to the petition as amended, and on failure of plaintiff to further plead, a judgment was entered dismissing the action, from which judgment the executrix, as seller, appeals to this court.

A broker with whom lands are listed for sale is entitled to commissions when he produces to the seller a purchaser, ready, able and willing to take the property at the price and on the terms proposed by the seller, even though for some cause not attributable to the broker the sale is not finally consummated. Coleman v. Meade, 76 Ky. 358; Baskett v. Jones, 189 Ky. 391; Casey v. Hart, 188 Ky. 441; Hortig v. Schrader, 190 Ky. 511; Clift v. Harp, 191 Ky. 296; 4 R. C. L. pages 307, 308 and 309.

Conversely, the production by the broker of a purchaser who is not ready, able and willing to buy the property at the price and on the terms of the seller, does not entitle the broker to the commission or any part thereof in the absence of a sale. His readiness and willingness alone are not sufficient, but he must be financially able at the time to consummate the deal according to its terms. If the broker present to the seller a purchaser whom the broker knows to be financially irresponsible and induces the seller, who does not know these facts, to enter into a binding contract with such purchaser and thus obtains from the seller commissions on the supposed sale, the seller may, on the failure of the negotiations, have a recovery of the commissions paid to the broker. Any fraud or misrepresentation on the part of the broker which misleads or deceives the seller about a material element in the sale will destroy the broker's right to commissions from sales which are not consummated, although he produced to the seller a buyer who was ready, able and willing to take the property. In every case where there is no fraud, deceit or bad faith on the part of the broker he may have his commissions when he produces to the seller a purchaser whom he accepts as buyer, unless the broker to induce the seller to accept the proposed purchaser rep-

resents to the seller, who does not know otherwise, the proposed purchaser is financially able to consummate the deal and will do so or warrants his ability as a purchaser, in which event the broker will only be entitled to his commissions when the buyer has paid for the property or has satisfied the seller of his financial responsibility.   A broker who to induce a sale represents to the seller that the purchaser is financially able to perform his part of the contract, when in fact he is not, is not entitled to his commissions if the seller, relying upon said representations, enters into a sale contract with said irresponsible purchaser and the contract is abandoned by him, and this is true whether the broker knew at the time of the insolvency of the proposed purchaser or made the representations as to his financial responsibilities in ignorance of the facts, for one cannot escape liability for the resulting loss occasioned by representations recklessly made by him when acted on by another whom it was intended to influence.

The petition charges that the brokers, to induce the sale, represented to the seller that Crabtree, the proposed purchaser, was financially responsible and able to buy and pay for the land and would do so, when he was not able to do so and that plaintiff not knowing but relying upon said representations of the defendants so made, entered into the sale contract with Crabtree and paid to the defendants $500.00 as commission on the sale; that Crabtree was not then nor afterwards able financially to and did not take or pay for said land.   As the truth of these averments is confessed by the demurrer the trial court erred to the prejudice of the plaintiff, now appellant, in dismissing the plaintiff's action.

Judgment reversed for proceedings consistent with this opinion.

Whole court sitting.