## Fowler v. Thomson.

(Decided January 31, 1922.)

### Appeal from Hopkins Circuit Court.

1. Brokers—Commissions.—A broker is entitled to his commissions as on a sale of land if he, at the instance of the owner, find and present to the seller, a purchaser, ready, able and willing to buy the property at a price and on terms satisfactory to the seller.

2. Contracts—Pleading—Quantum Meruit—Instructions.—Where the
plaintiff declares upon an express contract, and on the trial pro-
duces evidence in support of his pleading, it is error for the trial
court to instruct the jury upon an implied contract and allow a
quantum meruit recovery.

LAFFOON & WADDILL for appellant.

GORDON, GORDON & MOORE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellee Thomson commenced this action in the Hop-
kins circuit court against appellant Fowler to recover
of the latter $690.89, alleged to be due Thomson, a real
estate agent, as commissions for the sale of the farm
of appellant Fowler to one Whitfield in 1919. The peti-
tion avers "that on the 21st day of February, 1919, he
(Thomson) made and entered into an agreement and
contract with the defendant (Fowler), whereby the de-
fendant placed in the hands of the plaintiff for sale, as a
real estate agent, four hundred acres of land, and au-
thorized the plaintiff to sell or procure a purchaser for
the said 400 acres at not less than $80.00 per acre, and
upon such terms as might prove satisfactory to the de-
fendant, and that for his services the defendant agreed
and promised to pay him a reasonable compensation,
which was then and there agreed to be a sum equal to
2½ per cent of the total amount of the consideration for
which any of the said land might be sold." Following
this the petition avers that the plaintiff Thomson found
and presented a purchaser to Fowler, who bought 326½
acres of the land at the price of $85.00 per acre, or a total
of $27,752.50, but that defendant Fowler refused to pay
plaintiff his commissions, although the same were de-
manded of him and are long past due.

It is the contention of appellant Fowler, against whom
judgment was entered in the lower court for $690.89 as
commissions, that the contract declared upon is an ex-
press one, and not an implied contract, and that the
plaintiff, having declared upon an express contract, was
not entitled to prove an implied contract or to have a
*quantum meruit* recovery on an implied contract in the
absence of an amendment of the pleading so as to sup-
port such implied contract. The answer controverts the
averments of the petition, and in a second paragraph,

affirmatively pleads facts tending to show that appellee
Thomson did not procure or furnish a purchaser for the
land, and was not entitled to commissions on the sale.
The affirmative matter in the answer was controverted
of record by agreement of the parties. The evidence
shows in substance that appellee Thomson approached
appellant Fowler in February, 1919, and asked Fowler if
he wanted to sell his farm, to which Fowler replied that
he would sell four hundred acres at $80.00 per acre, and
pay Thomson a commission of 2½ per cent if Thomson
sold it at that price, but would not list the farm with
Thomson for sale. Then Thomson told Fowler that he
had a prospective purchaser for his farm, whom he would
bring to look it over. A few days later Thomson did
take a prospective buyer to look at the Fowler farm, but
nothing came of this. Fowler then told Thomson that he
would not take $80.00 per acre for the farm unless said
proposition was accepted at once, but there is some evi-
dence tending to show that there was an arrangement
between Fowler and Thomson by which Thomson was
to keep a lookout for a purchaser for the Fowler lands,
and send or take such person to examine the property,
Fowler reserving the right to make the price and terms.
Some weeks after the happening of the events above
related, Thomson found Whitfield, who wanted to buy
a farm, and Thomson told him of a certain farm in the
neighborhood of the Fowler lands and started with Whit-
field to look at the said farm, but in driving through that
neighborhood Thomson went by the road which led by
the Fowler farm and stopped the car and had Whitfield
get out and look at the place, and then took him on and
showed him the farm which they had originally started
to see. This latter farm did not please Whitfield, but
he liked the Fowler farm, and came back a second time
or third time and looked at it. In the meantime Thomson
called Fowler on the phone and told him that Whitfield
was inclined to want his farm and would likely purchase
it and wanted to see Fowler about the price and terms,
to which Fowler responded that he would make the price
and terms to Whitfield. After several conferences Whit-
field purchased a part of the farm of Fowler at the price
of $85.00 per acre. When the deed was made and the
transaction closed, Thomson approached Fowler and
asked for his commissions, which being refused by
Fowler, suit was commenced by Thomson.

A broker with whom lands are listed for sale is entitled to his commissions as on a sale of the property if he find and introduce to the seller a buyer, ready, able and willing to buy the property at the price and on the terms of the seller; or if he at the instance and request of the seller find and introduce a buyer to the seller, with whom the seller closes a deal for all or a part of the property, the broker is entitled to his commissions whether there was an express contract to pay commissions or not. Croxton v. Henry & Fleenor, 193 Ky. 318.

The trial court, in instructing the jury, ignored the express contract declared on in the petition and told the jury that if it believed from the evidence that Thomson, a real estate agent, found a purchaser for the lands in question and brought Fowler and Whitfield together, and that Fowler sold a part of his lands to Whitfield, and that the services of Thomson were rendered to the defendant Fowler under such circumstances as were reasonably calculated to lead a prudent man to believe that the plaintiff expected compensation for such services, then the jury should find for the plaintiff Thomson, such a sum by way of compensation as the jury believed from the evidence would be a *fair* and *reasonable* compensation for making said sale, not exceeding $690.89 the amount claimed. The state of the pleadings considered, this instruction was erroneous.

The generally recognized rule in cases where the plaintiff declares upon an express contract is to hold him to the averments of his pleading, and to nonsuit him if he fails to prove the express contract alleged, but undertakes to rely upon an implied contract, and have a *quantum meruit* recovery in the absence of an amended pleading conforming to the proof. Newton v. Field, 98 Ky. 186; Price v. Price, 101 Ky. 28; O'Kain v. Davis, 186 Ky. 184; Smith v. Robinson, 185 Ky. 76. The facts in the last above cited case are very similar to the ones under consideration, and there we held that the express contract upon which the plaintiff declared was not sustained by proof of an implied contract, and that there was such a variance between the averments of the petition and the evidence as to entitle the defendant, who was being sued for commissions by a broker, to a peremptory instruction in his favor in the absence of an amended pleading showing an implied contract and right to a *quantum meruit* recovery. This rule is too old and well

established to be varied or repudiated by a court when relied upon in cases where the facts are as in this litigation.

For the reasons indicated the judgment is reversed for proceedings consistent with this opinion.

Judgment reversed.