## Swinebroad, et al. v. Foster, et al.

(Decided November 14, 1922.)

### Appeal from Garrard Circuit Court.

Brokers—Real Estate Broker—Commissions.—Where the owners employ a real estate broker to sell property at public auction and agree to pay him a commission of five per cent if the sale is made and a less commission if no sale is made, and the broker, in good faith, sells the property to a purchaser, who is accepted by the owners after they inquired as to his financial ability, and with whom the owners execute a valid contract of sale, the broker is entitled to a commission of five per cent, although the purchaser proves to be financially irresponsible.

L. L. WALKER for appellants.

K. S. ALCORN and J. E. ROBINSON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Granting appeal and reversing.

Hays Foster, J. W. Rochester and K. S. Alcorn, who owned a farm and some town lots, employed G. B. Swinebroad and W. E. Moss, real estate agents, to sell the property at public auction and agreed to pay them a commission of five per cent, if there was a sale, but only $250.00 if no sale was made. The property was cried at public auction on February 11, 1919, and James Stringer became the purchaser of the farm at the price of $8,500.00, and the town lots at the price of $2,125.00. On the same day the owners entered into a contract with Stringer, by which he was to pay $100.00 in cash and $1,700.00 on the delivery of the deed, which was to take place on February 24, and to execute his five notes for

the remainder of the purchase price, extending over a period of five years. Before the sale took place, the owners inquired of Stringer as to his financial condition, and he told them that he had contracted to sell his home for $1,500.00 and had about $2,000.00 worth of tobacco and could easily take care of the initial payment of $1,800.00, and the terms of sale were made less burdensome in order to meet his convenience. A day or two later, the parties entered into a new contract, by which Stringer was relieved of the obligation to take the town lots but was required to pay $8,500.00 for the farm. Thereafter a controversy arose between the parties respecting the trade, Stringer claiming that there was an alley which his contract did not call for and the owners claiming that he would not comply with his contract because he was insolvent. Thereupon the parties entered into a new contract, by which Stringer paid the owners $300.00 in full settlement of their claim for damages arising out of his refusal to execute the contract of sale.

Having declined to pay the full commission of five per cent, Swinebroad and Moss sued the owners to recover that amount. At the conclusion of the evidence, the court instructed the jury as follows:

"You will find for the plaintiffs the sum of $531.25, with interest from February 11, 1919, unless you believe that the defendants did not accept James Stringer as the purchaser of the land, in which event you will find for the defendants."

The jury found for the defendants and the court entered judgment in favor of plaintiffs for only $250.00 and interest. Plaintiffs pray an appeal.

The only question we need discuss is whether appellants were entitled to a peremptory instruction. Conceding that Stringer was unable to comply with his contract because of his insolvency, the question is, does that fact in any way affect appellants' right to their commission? While there are some decisions in England and a few in America to the contrary, the great weight of authority is to the effect that where the purchaser presented by the broker is accepted by the owner, and they enter into a binding contract of sale, the broker is entitled to his commissions, although the purchaser proves to be financially irresponsible or fails to meet the deferred payments, unless the broker has been guilty of bad faith, 4 R. C. L. 311; Payne v. Ponder, 39 Ga. 283; 77 S. E. 32, and such is the rule in this state.

Coleman's Executor v. Meade, 13 Bush 358; Casey v. Hart Wallace & Co., 188 Ky. 441; 222 S. W. 111; Croxton's Executors v. Henry & Fleenor, 193 Ky. 318, 235 S. W. 753. The reason for the rule is that the owner is not bound to accept the purchaser until he has been given an opportunity to satisfy himself as to the purchaser's financial responsibility. But it is argued that this rule is not applicable to an auction sale, where the full commission was not due unless the sale was actually made. The answer to this contention is that a sale was made when the purchaser and the owners entered into a binding contract of sale, and we see no reason for any distinction between a private sale and a public sale, especially where, as here, the owners before signing the contract of sale had an opportunity to inquire, and did inquire, as to the purchaser's financial ability to carry out the contract. It is not even suggested that appellants were guilty of bad faith, either in falsely or recklessly misrepresenting the solvency of the purchaser or in fraudulently concealing his insolvency from the owners. On the contrary, as before stated, the owners consulted with the purchaser and relied entirely on their own investigation. The facts being undisputed, the court should have held, as a matter of law, that appellants were entitled to their commission and have directed the jury to return a verdict in their favor.

Wherefore the appeal is granted and the judgment is reversed and cause remanded for a new trial consistent with this opinion.