## Hammond v. George W. Gill Realty Company.

(Decided October 25, 1927.)

### Appeal from Shelby Circuit Court.

1. Brokers.—In suit by real estate broker to recover commissions for procuring purchaser for defendant's farm, whereby vendor agreed to take purchaser's goods and lot or farm valued at $1,000, it was immaterial that offer and acceptance was not so made between proposed vendor and purchaser that specific performance could be had; contract for commissions being independent of contract for sale.

2. Brokers.—In brokers' suit for commission for procuring purchaser for defendant's farm, brokers were entitled to commission when they procured buyer ready, able, and willing to pay price fixed when farm was listed with them for sale or subsequently agreed upon.

3. Brokers.—In brokers' suit for commissions for procuring buyer for defendant's farm, testimony showing that defendant notified broker that he accepted purchaser's offer and that broker brought purchaser to defendant, ready, able, and willing to put deal through on terms proposed, which were different than original listing, was sufficient to show that broker furnished buyer ready, able, and willing to purchase, and was sufficient to take case to jury and sustain recovery for commissions.

GILBERT & GILBERT and R. F. MATTHEWS for appellant.

H. B. KINSOLVING, JR., for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

Appellant, John M. Hammond, owns 142 acres of
farm lands in Shelby county, Ky. Appellees George W.
Gill and A. B. Waddill are engaged in the real estate
business. They sued him to recover $785, alleged to be
due them as commission for procuring for him a pur-
chaser for his farm. The trial below resulted in a verdict
for them, and he has appealed.

It is insisted for appellant that he was entitled to a
directed verdict at the close of the evidence and that the
trial court erred in overruling his motion for it. Our
consideration of the facts leads to the conclusion that this
contention cannot be sustained. The evidence from all
the parties was that appellant listed his farm with appel-
lees for sale at the price of $21,000, agreeing to pay a
commission on a sale at that price 5 per cent. on the first
$10,000 and 3 per cent. on the remainder. Appellees un-
dertook to find for him a purchaser at that price; and
entered into negotiations with J. R. Miller of Knox
county, Ky. It was found that Miller did not possess
sufficient cash to purchase appellant's farm, and appel-
lees undertook to bring about a deal between him and
appellant by having the latter take in the trade certain
properties belonging to Miller in Knox county, consisting
of a stock of goods, certain town lots and their improve-
ments, and a tract of farm lands. Appellant visited
Knox county and inspected these properties. Miller
visited Shelby county and inspected the farm. At a
meeting between the parties at Barbourville, on Febru-
ary 23, 1926, Miller proposed to appellant that he would
purchase his farm at $19,500 if the latter would take as
part of the purchase price a stock of goods at 90 cents
on the dollar, one house and lot at $8,500, one vacant lot
at $1,000, or in lieu of the latter a small farm at the same
price. This proposal was reduced to writing, and appel-
lant was given time to consider it. He returned to his
home in Shelbyville, and, according to the testimony of
Mr. Gill, for appellees subsequently, and within the time
fixed, telephoned him that he had decided to accept the
proposition made by Mr. Miller, and directed him to have
Miller come immediately to close up the deal. Appel-
lant denied having had this conversation, or that he ever
accepted the proposition made by Miller. He testified
on the other hand that within the time fixed when he

should answer he notified the parties that he had decided not to make the trade.

The argument is made for appellant that, since the proposal of Miller offered as $1,000 of the purchase price either the certain vacant lot or the certain small farm, and since the testimony for appellees did not establish that appellant elected whether he would take the vacant lot or the small farm the minds of the parties did not meet and hence that appellees did not establish that they were entitled to the commission. The evidence for appellees was that, after appellant notified Mr. Gill that he had concluded to accept Mr. Miller's offer, they telephoned the latter, and he came, and they went to appellant and offered to consummate the deal upon the terms proposed and accepted, but that appellant refused to do so. It is, of course, immaterial that the negotiations were not so conducted and the offer and acceptance so made that as between the proposed vendor and vendee specific performance could be had. The contract between appellant and appellees was aside from the proposed contract for the sale of his farm to Miller.

Under the law relating to the question, appellees were entitled to their commission when they produced a buyer for appellant's farm ready, able and willing to pay the price fixed when it was listed with them for sale or subsequently agreed upon. If, as the testimony of Mr. Gill tends to establish, appellant notified him that he had concluded to accept Miller's offer, and if, as all the testimony agrees, appellees then brought Miller to appellant ready, able and willing to put the deal through upon the terms proposed, appellees certainly furnished appellant the buyer for his farm upon terms agreed upon and they were entitled to their commission. If he accepted the offer, he agreed to sell his farm for $19,500 and to take in as part of the purchase price Miller's stock of goods at 90 cents on the dollar, his certain house and lot at $8,500, and his certain vacant lot or his certain small farm at $1,000. His failure to elect whether he would take the vacant lot or the small farm upon accepting the offer, as affecting the right of appellees to the commission, is immaterial, because he by so doing agreed to sell to this purchaser upon either of the two sets of terms, and they then produced him ready, able, and willing to buy upon either of them. Hence they furnished him a buyer ready, able, and willing to purchase at a price and upon terms agreed upon between him and the

real estate dealers as the terms upon which he would sell his farm as fixing his liability for commissions. In this state of case it cannot be said that appellant was entitled to a peremptory instruction.

The rights of the parties turned upon the determination of a simple issue of fact; that is, whether or not appellant notified appellees that he had concluded to accept the offer of the prospective buyer. The instructions given by the court to the jury, if erroneous in any particular, were more favorable to appellant than the facts warranted.

The evidence is sufficient to take the case to the jury and sustain the verdict. There appear to be no errors in the record to the prejudice of appellant's substantial rights. The judgment will therefore be affirmed.

Judgment affirmed.