# Odem Realty Company et al. v. Dyer.

(Decided January 19, 1932.)

MARK BEAUCHAMP and J. E. WISE for appellants.

FAUREST & FAUREST for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This was an action by real estate brokers for the recovery of commissions. It was dismissed on demurrer

to the petition, and the plaintiffs have prosecuted an appeal. The defendant, J. B. Dyer, owned a business and stock of merchandise at Sonora in Hardin county, Ky. The brokers negotiated a contract between Dyer as seller and J. H. Pile and wife as buyers, by the terms of which Dyer agreed to sell his stock of merchandise, fixtures, and business to the purchasers for $35,000, payable as follows: $12,400 to be paid out of the receipts from the sale of merchandise under certain fixed conditions, and the balance of $22,600 to be paid by the conveyance of certain incumbered real estate designated in the contract. The agreement further provided:

> "It is agreed that the said J. B. Dyer shall pay one thousand dollars agents' commission for making this sale, to be paid out of the money he collects from the said J. H. Pile and the said Pile is to pay the amount he has agreed upon with the agent. The said Pile is to pay agents' commission at the same pro rate as said Dyer."

The petition alleged that, when the contract was reduced to writing and signed by defendant and the purchasers, it became a binding contract between the parties, and that the plaintiffs were then entitled to their commission of $1,000 from defendant herein, and to the sum of $1,659 from J. H. Pile.

The alleged breach of the contract on the part of Dyer was stated as follow: Notwithstanding the fact that the defendant had made the contract to sell his stock of merchandise, fixtures, and business to J. H. Pile, he refused to comply with the contract and to convey his property in accordance therewith, although J. H. Pile was ready at all times to comply with the contract and to convey his property in accordance therewith. It was further alleged that, by reason of the refusal of Dyer to comply with the contract, the plaintiffs were unable to collect their commissions from Pile, and hence plaintiffs asserted a right to collect from the defendant Dyer the entire commissions due from both parties. It will be observed that the action is based upon the written contract by the terms of which the defendant agreed to pay the sum of $1,000 out of the money collected by him from J. H. Pile. The obligation of Pile to pay a commission to the plaintiffs was not so conditioned, but was absolute.

60

The argument for the appellants proceeds upon the theory that, when the brokers negotiated a valid contract which was signed and accepted by both parties, they were entitled to the commission. The general rule is well established that, if the contract of employment simply requires the broker to find a customer who is able, ready, and willing to enter into a transaction on the terms prescribed by the principal, the broker is entitled to his commission whether or not the principal completes the transaction. Randle v. Bloomfield, 146 Ky. 421, 142 S. W. 677; Fowler v. Thomson, 193 Ky. 593, 236 S. W. 1047; Kock v. Emmerling, 22 How. 69, 16 L. Ed. 292; Beougher v. Clark, 81 Kan. 250, 106 P. 39, 27 L. R. A. (N. S.) 198. It is equally well settled that, when the customer accepts the purchaser produced by the broker and enters into a binding contract with him, the commission is earned, if such was the contract of the parties. Ferguson v. Harris, 200 Ky. 146, 254 S. W. 329; Casey v. Hart Wallace & Co., 188 Ky. 441, 222 S. W. 111; Swinebroad v. Foster, 196 Ky. 459, 244 S. W. 881; Stuart-McKnight & Co. v. Monroe, 222 Ky. 602, 1 S. W. (2d) 1054. But this is not such a case. This case is based upon the written obligation of Dyer to pay $1,000 out of money collected from J. H. Pile. When the contract of brokerage, like any other contract, contemplates a completed transaction, there is no obligation to pay until the conditions of payment are fulfilled. Hale v. Kumler (C. C. A.), 85 F. 161; Holton v. Job Iron & Steel Co. (C. C. A.), 204 F. 947; American Mercantile Corp. v. Spielberg (C. C. A.), 262 F. 492; Dowell v. Pumphrey, 197 Ky. 59, 246 S. W. 157, 30 A. L. R. 822; Futrell v. Reeves, 165 Ky. 282, 176 S. W. 1151; T. W. Sanford & Co. v. Waring, 201 Ky. 169, 256 S. W. 9; Miller v. Woodward, 234 Ky. 631, 28 S. W. (2d) 961.

In order to state a cause of action under the contract, it was necessary for the plaintiffs to allege that Dyer had collected from Pile a sum at least equal to the amount of commission to be paid, since he was under no obligation to pay except from money so collected. But, where a person is obligated to make a payment out of particular funds, there is an implied obligation that the person liable will do nothing to prevent performance of the contract. If the fund is to be produced by the efforts of the obligor, or to result from his acts, he is under a duty to exercise reasonable care and diligence to produce the

fund or to bring about the result. Owens v. Curd, 192 Ky. 146, 232 S. W. 639; Fox v. Buckingham, 228 Ky. 176, 14 S. W. (2d) 421; same case, second appeal 237 Ky. 415, 35 S. W. (2d) 897; Hibbs-Keifer Hat Co. v. Schneiderhan, 236 Ky. 470, 33 S. W. (2d) 304. And, if it be shown that the party obligated has prevented the creation of the conditions under which the payment would be due, without fault on the part of the other party, he is estopped to avail himself of a situation brought about by his own wrong. An obligation of mutual good faith and fair dealing is imposed by law because of the contractual relations of the parties. 9 C. J., p. 597, sec. 87; 9 C. J., p. 623, sec. 102. Cf. Hurt v. Sands Co., 236 Ky. 729, 33 S. W. (2d) 653. Smith v. Fidelity & Columbia Trust Co., 227 Ky. 120, 12 S. W. (2d) 276, 62 A. L. R. 1353. It is insisted for the appellants that the allegations of their pleading are sufficient to bring the case within the latter principle, and that, when Dyer refused to comply with the contract, although Pile was at all times ready to comply with the terms thereof, Dyer was in default and liable on the contract. It is a general rule of pleading that, in order to place one party to a real estate contract in default, it is necessary to aver that performance was tendered by the other party, when such tender is necessary, or that the other party was at all times ready, able, and willing to perform his part of the contract, if actual tender of performance was not necessary. It has been pointed out in the opinions that mere readiness on the part of a party to a contract to comply with its terms is not enough, unless he was also able and willing to comply therewith. Each of the words "ready," "willing," and "able" connotes a distinct thought, and it requires a concurrence of these elements to complete the obligation to pay a commission in that situation. 9 C. J. p. 599, sec. 88; Phillips' Ex'r v. Rudy, 146 Ky. 780, 143 S. W. 397; Randle v. Bloomfield, 146 Ky. 421, 142 S .W. 677; Gore v. Griffith Realty Co., 160 Ky. 241, 169 S. W. 685; Sandford & Co. v. Waring, 201 Ky. 169, 256 S. W. 9; Hammond v. Geo. W. Gill Realty Co., 221 Ky. 521, 299 S. W. 165.

In the absence of an allegation that Dyer had collected from Pile as much as a thousand dollars, or that the failure to collect from Pile under the contract was caused by the refusal of Dyer to carry it out when Pile had done all that was required of him, and was ready,

able, and willing to perform, but was prevented from doing so by the defendant's disregard of his implied obligation not to prevent a performance of the contract, no cause of action was alleged.

It follows that the circuit court was correct in sustaining the demurrer to the petition in so far as it sought a recovery of the thousand dollars specified in the contract to be paid by Dyer out of the money collected from Pile.

The allegations respecting the amount due the brokers from Pile did not constitute a cause of action against Dyer. Pile was liable for commissions, according to his contract, when it was negotiated and signed. The plaintiffs appear to have a good cause of action against Pile, because his obligation to pay was not subject to any condition, and was not payable out of any particular fund. His contract was to pay the amount agreed upon with the agent, which was to be at the same ratio specified against Dyer. When a contract between a vendor and vendee for the sale or exchange of real estate or other property is breached, the measure of damages does not include commissions paid for the negotiation or procurement of the contract. Linde v. Ellis, 224 Ky. 649, 6 S. W. (2d) 1089. Nothing contained in the contract or alleged in the petition rendered Dyer liable for any commission due plaintiffs from Pile. Hicks Realty Co. v. Stabile Cons. Co., 219 Ky. 282, 292 S. W. 780; Alverson v. McCoy, 212 Ky. 9, 278 S. W. 547. The liability of Pile, so far as appears, was not affected by the subsequent events. But, however that may be no obligation to pay Pile's debt was imposed upon Dyer.

It is clear that the court committed no error in disposing of the case.

The judgment is affirmed.