## Knoechelmann's Administrator v. Knoechelmann.

(Decided March 8, 1932.)

ROBERT C. SIMMONS for appellant.

EDWARD W. PFLUEGER for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This case is unique in its particulars, but it is governed by general principles that are familiar in the law. The action was by the personal representative of August Knoechelmann for a settlement of his estate. One of the heirs, Henry Knoechelmann, asserted a claim for $2,500 as compensation for services rendered by him to the decedent under a written contract. The claim was allowed for the reduced amount of $1,200. The appeal is by the personal representative who insists that no allowance was justified by the facts.

August Knoechelmann was a childless widower of advanced age. He cherished the memory of his deceased wife, and was a devout adherent of the Catholic faith. He conceived the idea of conveying a parcel of land to the bishop of the Covington diocese for the purpose of building a church and school of his faith to be named in honor of his departed wife. Although the plan had been long in his mind, and often in his thoughts, his anxiety about its accomplishment increased as his age advanced. He was not encouraged by certain of his relatives to whom the matter was broached. Finally, on May 31, 1927, he executed a contract to the appellee which provided: "In consideration of his services in assisting me in transferring my property to the Bishop for school, church and sisters' house, and persuading the Bishop to carry out my purpose to establish such institutions on my land, I hereby promise and agree to convey to Henry Knoechelmann, my nephew, a lot on the Dixie Highway, 100 feet and having a depth of 200 feet, more or less, adjoining and next to the property transferred to the Bishop." And at the same time a paper was prepared and executed for presentation to the Bishop, which was as follows:

"I, August Knoechelmann, widower, of Kenton County, Kentucky, being desirous of extending the Kingdom of God, and being a devout member of the Roman Catholic Church, and desirous of having established a church, school and sisters' house, at the intersection of the Dixie Highway and Old State Road, I now offer to deed to the Bishop of the Covington Diocese, Francis Howard, sufficient of my property to accomplish the above, and to execute a deed to the same as soon as it can be surveyed and the deed prepared (said property being about 250 feet on the Dixie Highway and about 300 feet, more or less, on the Old State Road), the Bishop agreeing for himself and his successors, to first establish a school and then organize a parish as seems best and practicable; and because of my advanced age, so that I may see a partial accomplishment of my purpose, the Bishop promises me to erect the school within the next eighteen months, after the acceptance of the deed, which school will be used for School and Church purposes."

The appellee began at once to carry out the undertaking. He employed an engineer to survey and map the land and held numerous conferences with the bishop. As a result of much effort and after an alteration of the original proposition, an agreement was reached which was then deemed satisfactory by the bishop and by Mr. Knoechelmann. On June 22, 1927, a conveyance was made to the bishop, accepted by him, and duly recorded. The deed did not contain a covenant corresponding to the provisions of the proposition, but the parties understood the purpose and obligation of the bishop to observe in that respect the stipulations of the contract. At this point the appellee insists that, having rendered the service contemplated by his contract and the parties having completed the transfer of the property on terms calculated to accomplish the purpose of his principal, and which terms were then satisfactory to both parties, his compensation was earned, and his right could not be affected by any subsequent changes in the contract by mutual consent of the parties concerned. But we proceed with the facts. A new arrangement was made later by which the first transaction was rescinded. The bishop conveyed the land back to the grantor, and a substitute plan was adopted. Under the new plan Mr. Knoechelmann conveyed to the bishop the same land covered by the previous deed with some additional acreage, and accepted a cash consideration from the bishop for some of the additional land. But the primary purpose of August Knoechelmann was nevertheless preserved and will doubtless be realized, although under a different plan from that originally adopted. The additional land conveyed to the bishop included the very lot that was to be conveyed to the appellee for his services, and he stood by and permitted the new arrangement to be consummated. Shortly thereafter August Knoechelmann died, and no compensation whatever was paid to the appellee. It is now insisted for the appellant (1) that the contract with appellee imported an obligation on him to procure a compliance by the bishop with the conditions on which the gift was originally offered; (2) that the deed to the bishop was not obligatory on him and did not constitute a compliance with the terms of the contract on the part of appellee; and (3) that the rescission of the old and the negotiation of the new deal defeated the right of appellee to any compensation.

It is quite true that a contract for services in negotiating a transaction may be so framed and formulated as to make compensation thereunder dependent upon the ultimate completion of the projected deal. "When the contract of brokerage, like any other contract, contemplates a completed transaction, there is no obligation to pay until the conditions of payment are fulfilled. Hale v. Kumler (C. C. A.), 85 F. 161; Holton v. Job Iron & Steel Co. (C. C. A.), 204 F. 947; American Mercantile Corp. v. Speilberg (C. C. A.), 262 F. 492; Dowell v. Pumphrey, 197 Ky. 59, 246 S. W. 157, 30 A. L. R. 822; Futrell v. Reeves, 165 Ky. 282, 176 S. W. 1151; T. W. Sandford & Co. v. Waring, 201 Ky. 169, 256 S. W. 9; Miller v. Woodward, 234 Ky. 631, 28 S. W. (2d) 961." Odem Realty Co. v. Dyer, 242 Ky. 58, 45 S. W. (2d) 838, 840, decided January 19, 1932.

But we do not so construe the contract in this case. The appellee was employed to render service in assisting his principal to arrange a deal with the bishop. The end to be achieved was not the gift of the property, which involved no difficulty, but the dedication and devotion of that property to the particular use desired which carried with it important obligations. The assent of the bishop to the acceptance of the land was not an obstacle, but his assumption of the burden which accompanied the gift was the objective that required persuasion. It was necessary to convince the bishop that the enterprise was feasible and consistent with the advancement of the interests of his diocese. The problem presented was to induce the bishop to undertake the construction of the improvements contemplated, and to maintain the institutions sought to be established. It was implicit in the agreement with the appellee that some arrangement must be made with the bishop in order to entitle him to pay for his assistance in the matter. But any arrangement deemed sufficient to accomplish the purpose of the giver and found satisfactory by the parties concerned constituted compliance with the implied conditions upon which the compensation depended, and established performance of the express terms of the contract.

When the employer accepts a result as a compliance with the contract, and enters into a binding agreement, the work of the broker is done and his commission is earned, if such was the contract of the parties in that particular. McDowell v. Lewis, 200 Ky. 126, 254 S. W.

208; Ferguson v. Harris, 200 Ky. 146, 254 S. W. 329; Casey v. Hart Wallace & Co., 188 Ky. 441, 222 S. W. 111; Swinebroad v. Foster, 196 Ky. 459, 244 S. W. 881. And under a contract like the one involved here, which does not require the broker to accomplish a specified result, but merely requires him to negotiate a transaction desired and designed to bring about a certain result the broker is entitled to his commission when he completes his part of the contract, whatever the parties thereafter may do. Randle v. Bloomfield, 146 Ky. 421, 142 S. W. 677; Fowler v. Thomson, 193 Ky. 593, 236 S. W. 1047; Kock v. Emmerling, 22 How. 69, 16 L. Ed. 292. But it is argued that the deed which the bishop originally accepted did not impose any binding obligation upon him, and that all he had to do was to return the property to the donor. It is not necessary to determine the relative rights of the parties to that deed, since we have no contest between the bishop and the grantor therein. The parties in interest substituted a different arrangement, and the rescission of the original deed was involved in executing the substituted plan. But, in so far as the appellee was concerned, he had completed his work, and the conveyance to the bishop was not invalid. It was adequate to accomplish the purpose and to achieve the object of the parties, and the rights of the appellee did not depend upon and were not impaired, affected, or defeated by the subsequent changes in the plans.

Equally unavailing is the suggestion that the appellee cannot recover because the land which he was to receive for his services has been disposed of by the later conveyance to the bishop. Appellee did not interpose any claim to the land which might have hindered or obstructed the accomplishment of the purposes of his employer, and he did right and acted prudently in permitting his principal to carry out his own plans in his own way. The assent and acquiescence of the appellee in the later transaction with the bishop did not operate to preclude him from recovering the compensation he had already earned. When an obligation is to be discharged by the transfer of specific property which has been placed beyond the reach of the parties, or the process of the court, the value of the property at the time of the breach of the contract to convey it may be recovered. 17 C. J., p. 866, sec. 178; Doty's Adm'rs v. Doty's Guardian, 118 Ky. 204, 80 S. W. 803, 26 Ky. Law

Rep. 63, 2 L. R. A. (N. S.) 713, 4 Ann. Cas. 1064; Duke's Adm'r v. Crump, 185 Ky. 325, 215 S. W. 41; Walker v. Dill's Adm'r, 186 Ky. 643, 218 S. W. 247; Haralambo's Adm'r v. Christopher, 231 Ky. 550, 21 S. W. (2d) 983.

The judgment is affirmed.