CASE 60—ACTION BY S. E. PROCTOR'S ADMR. AGAINST WILLIAM PROC-
TOR TO ENFORCE A LIEN FOR PURCHASE MONEY ON LAND.—JUNE 14.

# Proctor v. Proctor's Admr.

APPEAL FROM MERCER CIRCUIT COURT—M. C. SAUFLEY, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

NOTES—ADMINISTRATORS—CLAIMS—SUPPORT OF DECEASED—EVIDENCE—
RELEVANCY—WITNESSES—COMPETENCY—TRANSACTION WITH DE-
CEASED PERSON.

1. In an action on a note by the payee's administrator, the
   maker was incompetent, under Civil Code, section 606, prohib-
   iting a party from testifying for himself as to any transaction
   with a deceased person, to testify that the deceased payee had
   made a contract with him by which she had agreed to leave her
   estate to defendant in consideration of his agreement to take care
   of her during her life.
2. In an action on a note by the payee's administrator, evidence of
   one of defendant's sons that defendant had told him that, the
   payee had, agreed that, if defendant would pay her bills during
   her life, defendant should get her interest in her father's estate
   at her death, was irrelevant.
3. In an action on a note by the administrator of the payee, evidence
   held insufficient to establish a contract between the parties that
   the maker should have the note in consideration of his supporting
   the payee for life.
4. Civil Code, section 606, subd. 7, provides that a person may tes-
   tify for himself as to the correctness of original entries made by
   him, against persons who are under no disability other than cov-
   erture, or infancy and coverture, in an account book, according
   to the usual course of business, though the person against whom
   they were made may have died. HELD, that such section does not
   apply to entries which were inadmissible at common law, and did
   not authorize the admission of entries of cash paid for defendant's
   deceased sister, claimed by defendant as an offset against de-
   fendant's note, which was a part of the assets of the sister's
   estate.

W. L. SUMRALL AND E. H. GAITHER, FOR APPELLANT

### PROPOSITIONS AND AUTHORITIES.

1. A judgment is void for uncertainty unless by reference to the record its intended signification is made apparent. Stuart v. Troutman, 6 R., 447.

2. In an action for a note it is error not to allow credits established by proof. Cooper v. Newcomb, 15 R., 61.

3. Where money has been expended under an alleged contract, which would not have been expended without a contract, the law will imply that a contract was made. Crooks v. Dillon, 1 R., 62. (2) It is contrary to general experience for one man to long continue to pay another or to perform any onerous duty or to submit to any inconvenient claim, unless in pursuance of some contract or other legal obligation. 1 Greenleaf on Evidence (13th Ed.), sec. 47. (3) "Original entries" are competent testimony against a decedent. Civil Code, sec. 606, sub.-sec. 7. Subsection 2 of section 606, Civil Code, has no application to transactions with a decedent of which there is written evidence such as checks and receipts.

4. One may recover for boarding another in the absence of an express contract to pay board if all the circumstances show that the one party expected to make and the other party to receive compensation. Miller v. Swann, 91 Ky., 36. In such a case the "Virginia Hospitality Statute," Kentucky Statutes, section 2178, does not apply. Nor does it apply to clothing, nursing, nor *pari passu* to other necessaries for which there may be an implied contract. Thomas v. Arthur, 7 Bush, 245.

T. H. HARDIN, ATTORNEY FOR APPELLEE.

1. This is an action by the administrator of S. E. Proctor, deceased, against her brother, W. M. Proctor, to enforce a lien on a note for $750 executed by defendant to the intestate, December 10, 1888, for land in Mercer county. Not one averment in the petition is denied.

2. The defendant pleads as a set off a contract with deceased for board, lodging, nursing, etc., for twelve years prior to her death, at $100 per annum.

3. There is no evidence that the defendant was an innkeeper, or a keeper of a house of private entertainment during said time, and there is no evidence supporting his claim except his own statements, which we claim are incompetent under section 606 of the Civil Code, and under section 2178, Kentucky Stat-

utes, known as the "Hospitality Act," there can be no recovery in the absence of a contract.

4. The evidence for appellee shows that the services of deceased while living with her brother were worth more than her board, etc., and during the time of her illness, while she stayed there, the defendant was credited by the physicians' services who attended her.

### AUTHORITIES CITED.

Ky. Stat., sec. 2178; Ramsey v. Kieth, 25 R., 585; Swinebroad v. Bright, &c., 25 R., 744; Hopkins' Admr. v. Faber, Trustee, 86 Ky., 227; Turner v. Mitchell, 22 R., 1287; Townsend v. Wilson, 24 R., 1278; Civil Code, sec. 606; Terry v. Warden, 25 R., 1488.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

On December 10, 1888, S. E. Proctor made a deed to her brother William Proctor for a tract of land in consideration of $750, for which he executed to her his note, due one day after date. She died in the year 1899, and this suit was filed by her administrator against William Proctor to recover on the note and enforce the lien on the land. He pleaded that in the year 1897 his sister made a contract with him whereby it was agreed that he should take care of her as long as she should live, and as compensation for his services he was to have all the estate she left; that under this contract she lived with him from that time to her death; and that the note sued on was the only estate she left. In another paragraph he pleaded that his services were of the reasonable value of $100 a year; that he furnished board, lodging, clothing, medical attention, etc.; and that it was understood that she was to pay out of her estate a reasonable compensation for these things, to be offset against the note. The allegations of the answer were controverted by the reply, and on final hearing the court gave judgment against the defendant for the note, and enforced the lien

on the land, subject to certain credits allowed in the judgment.

William Proctor testified for himself that his sister made the agreement with him as set out in the first paragraph of his answer; but, under section 606 of the Civil Code, he can not testify for himself as to any transaction between him and the decedent. The court therefore properly sustained the plaintiff's exceptions to so much of his deposition as states what occurred between him and his sister. He introduced Mary Scott, his daughter, who stated that there was a general understanding in the family as to an agreement between her father and her aunt that he was to pay her bills, and he was to get her interest in her father's estate at her death. He also introduced one of his sons, who said that his father had told him that this was the agreement. But this evidence was irrelevant. He introduced another son, who stated generally that the understanding was that his father was to take care of his aunt as long as she lived, for what she had; but he did not state from whom he got this understanding, or show that he had really any personal knowledge as to what the agreement was. To is the same effect is the testimony of a niece whom he introduced. There can be no recovery on the alleged contract without proof that it was made, and we think that the circuit court properly held the proof insufficient. The plaintiff proved by a number of witnesses that the deceased did not stay at the defendant's house all the time, but was at other places one-fourth of the time, or more, each year, and that while at his house she helped cook and do other housework, her labor being of value as much as her board. The proof as to the way the deceased labored at the defendant's house, and the length of time that she was away, tends strongly to show that she was not there as a boarder.

The defendant claimed credit for a number of sums which he had paid out, as he alleged, for his sister, and, in proof of these payments, offered a book kept by him. Exception was filed to the competency of this evidence. Section 606 of the Civil Code contains several exceptions to the general rule laid down in the section. Among these is subsection 7: "A person may testify for himself as to the correctness of original entries made by him against persons who are under no disability—other than coverture, or infancy and coverture combined—in an account book, according to the usual course of business, though the person against whom they were made may have died or have become of unsound mind; but no person shall testify for himself concerning entries in a book, or the contents or purport of any writing under the control of himself or of himself, and others jointly, if he refuse or fail to produce such book or writing, and to make it subject to the order of the court for the purposes of the action, if required to do so by the party against whom he offers to testify." The question presented is, to what account book does the statute refer? In Galbraith v. Starks, 117 Ky., 915, 79 S. W., 1191, 25 Ky. Law Rep., 2090, which was, like this, an action on a note, where a book account was relied on to show payments on the note, this court held that the provision of the Code above quoted is but declaratory of the common law, with the addition that a party in interest may testify concerning such entries, even as against one who is dead.

In Brannin v. Foree, 12 B. Mon., 506, which was also a suit on a note, where a book kept by the defendant was relied on to show payments on the note, the common law rule on the subject is thus stated by the court: "To render such entries admissible as evidence, the books must appear to contain a register of the daily business of the party, and

to have been honestly and fairly kept; and the person who made the entries must swear that the articles charged were actually sold and delivered; that the entries are the original ones, and were made at or about the time of the transactions; and that the sums charged and claimed have not been paid. 1 Greenleaf on Evidence, section 118, and note 1. Evidence of this description is admitted upon the principle of 'moral necessity.' It is received upon the presumption that unless it be admitted there will be a total failure of proof, and that injustice will consequently result. It is, however, but secondary evidence, and that of the lowest grade. The principle upon which it is rendered admissible is therefore limited in its operation to that character of dealing to which the law has *prima facie* ascribed a destitution of the ordinary means of proof, viz., the daily sale and barter of merchandise and other commodities, the performance of services, and letting of articles to hire, and probably the payment from time to time of money placed on deposit—circumstances so frequent in succession, and generally so trivial in their individual amount, that the procurement of formal proofs can not be expected, and would not compensate for the time necessary for the purpose."

If the competency of the proof in this case be tested by the subject-matter, the entries in the books and the evidence in relation thereto were properly rejected. It was not the sale of the merchandise, or the performance of services, or the use of the property hired and returned, or the payment from time to time of money on deposit, but the payment of an outstanding debt, evidenced by a note in writing, a payment on which should be established, according to the usual course of dealing, either by a written receipt indorsed upon the note, or taken upon a separate paper. In those states where this character of testimony is deemed

competent for any purpose, it is not deemed sufficient to prove the payment of money.

The entries in question were not, therefore, admissible at common law in cases of this sort; and, as the statute relied on is but declaratory of the common law, it does not apply to entries which at the common law were inadmissible. Were the rule otherwise, the estates of decedents might suffer unduly in this class of cases, and notes held by deceased persons might be defeated by entries made by the debtors in their private books. The statute was not designed to accomplish this. Its purpose is to allow the debtor himself to testify to the correctness of entries made by him in his books, kept according to the usual course of business, in those cases where the books themselves at common law were evidence of the facts set out in them. It was not designed to change the rule as to what books were evidence. We are not called on here to define more accurately in what cases entries in books may be admitted, for it is clear that in the case before us the entries were incompetent, as held in the cases cited.

We have carefully gone over the account, and find no substantial error in the allowance of credits by the circuit court.

Judgment affirmed.