## Brannen v. Lally's Administrator.
(Decided May 24, 1935.)

COLLINS & COLLINS for appellant.

BROWNING, REED & ZEIGLER and M. J. HENNESSEY for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Mason circuit court denying to the plaintiff, who is the appel-

lant here, recovery upon a note for $679.45, executed March 26, 1895.

The note in question was made by Thomas Lalley to Margaret Lally, and it is alleged that it was assigned by Margaret Lalley to the plaintiff. The date of assignment is not disclosed. The maker of the note was the plaintiff's father. He died in March, 1922. The payee of the note was the plaintiff's mother. She died in 1905.

The defendant administrator, amongst other things, pleads the statute of limitations. As we are of the opinion that the plea was properly made and should have been sustained, without submitting the case to the jury, no other question need be considered.

Plaintiff sought to avoid the bar of the statute by a claim that her father had paid interest on the note to May 1, 1917, as evidenced by indorsements to that effect in her handwriting on the back of the note. No attempt was made to show, except by plaintiff herself, when these self-serving notations were made on the note or that the amount credited represented an actual payment by the debtor. Frazer's Adm'rs v. Frazer, 76 Ky. (13 Bush) 397, Samuel v. Samuel's Adm'r, 151 Ky. 235, 239, 151 S. W. 676, 42 L. R. A. (N. S.) 1155, Ann. Cas. 1915A, 278. Plaintiff was not a competent witness on the question of payments. Civil Code Prac. sec. 606, subsecs. 2 and 6. There was no evidence whatever, of any probative force, upon which court or jury could speculate as to payments tolling the bar of the statute.

One witness for plaintiff testified that plaintiff's father had said in his presence, a year or two before his death in 1922, "that he wanted this note paid." This was certainly not a new promise giving rise to a new cause of action, and, even if it were, plaintiff has elected to sue on the note, and not on the new promise. In addition to that fact, it likewise would be barred by limitation by this time.

Plaintiff claims that a demurrer should have been sustained to the answer, and that she is entitled to judgment on the pleadings because the answer is not verified. It is elementary that an objection to a pleading for want of verification comes too late after the commencement of the trial. Civil Code Prac. sec. 138. The plea of limitation was not demurrable, nor did it

need verification in the absence of a motion to that effect.

While the court should have given a peremptory instruction for the defendant, the same result has been reached through the verdict of the jury in the defendant's favor.

Judgment affirmed.