# Bleak v. Machen et al.

March 1, 1946.

J. Gordon Lisanby and R. W. Lisanby for appellant.

C. A. Pepper for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

The practice of this case has been unfair to the litigants and to the courts. The circuit court delivered two opinions in the course of the trial pointing out the erroneous methods of pleading and practice and referring to the confusion and absence of proof on material matters. Most of the evidence was incompetent, but exceptions were filed to one item only and that was not ruled on.

Lee Bleak, who seems to have been a general utility man in the building trade, borrowed $350 from his half brother, Bob Machen, in March, 1931, with which to build a house on a lot in Princeton. As recited by the court, "No one can read this case and tell with any sort of conclusion as to what the judgment should be. The parties are old-time negroes, who went along for twelve or fifteen years without keeping any books, and I guess the record is about as good as you might expect under the circumstances." Bleak had executed a deed to Machen. When Machen died in 1941, intestate, his widow and a half sister filed this suit to sell the property and for a settlement of the estate, although no attempt had been made to have such a settlement in the county court. Bleak pleaded the deed was a mortgage to secure the repayment of the $350 and alleged that it had been repaid by rent collected by Machen and by certain carpenter and repair work which he had done for Machen under an agreement that the obligation should be credited by the amount of the work. The pleading is much too indefinite, but no motion was made to make it more definite and specific. Bleak produced a contract showing a promise on his part to repay the $350 at the rate of $4 a month. He testified that it was agreed that he was "to work it out when I borrowed it," and that Bob was to have the rent from the first floor, occupied as a restaurant or store. Bleak lived in the second story. It was conceded that the deed should be, as it was declared to be, only a mortgage. The best the court could figure out was that Bleak still owed $282 on the obligation, for which judgment, with interest from September, 1942, was rendered and a lien declared. On the appeal Bleak insists that no judgment should have been rendered against him.

Concerning the rents. Lee produced some memoranda of money collected by Bob and the court allowed him credit for the amount. Although several persons were named as having been tenants, only one of them, Lee's son, was introduced to prove he had paid Bob. The court did not regard the memoranda as competent evidence but as an admission against interest in that it failed to show a sufficient amount to pay off the debt. We think the court did about the best that could be done on this item.

Concerning the claimed credit for carpenter and other repair work. The evidence was so loosely taken that it appeared the work had been done on Lee's own house, that is, the property covered by the deed declared to be a mortgage. When the court had denied the claim on that account, his lawyer obtained permission to take further proof and then showed that it was on other property owned by Bob. The court did not allow these claims because he construed the pleading as being on an express contract, while only an implied contract was proved. See Fowler v. Thomson, 193 Ky. 593, 236 S. W. 1047. The plea was that the work had been done under a contract by which Bob agreed to credit the note, "the agreed price." There was no motion to make it more definite and specific.

Bob could not read or write. Lee testified that it was agreed that he would keep the account and when they settled, get credit for it on the note. He testified: "I was to work it out when I borrowed it." He produced some crude memoranda on loose sheets itemizing the work he had done and the amounts charged. He made some of them in his own handwriting and his daughter-in-law, under his direction, made the others. He proved by other witnesses that he did the work and that the charges on these memoranda were reasonable. It is not expected that an illiterate old-time darky will keep a set of books according to proper methods of accounting. This was his way of keeping books. The papers speak for themselves as being original entries, and their integrity is not questioned. We think the records of account were competent, considering the circumstances. Civil Code of Practice, Sec. 606, subsection 6; Gus Dattilo Fruit Co. v. Louisville & Nashville R. Co., 238 Ky. 322, 37 S. W. 2d 856. But whether so or not, the question of competency was waived.

The only testimony in contradiction is that of Stella Johnson, who deposed that she had seen Bob's first wife, now dead, talking to Lee in a buggy and that later she told the witness she had paid Lee for the work he had done. This occurred probably fifteen years ago. This is the one item of testimony to which exceptions were filed, but they were waived by failing to have the court rule upon them. This-is-the-house-that-Jack-built sort of testimony, as valueless as it is incompetent.

It seems to us this evidence shows there was an agreement that Lee should do whatever work he was called upon to do and would receive credit on his note for what it was reasonably worth. This, we think, is sufficient evidence of an express contract. We do not think it was necessary that there be proof of a specific job for a specific sum of money. There was certainly a meeting of minds that one should work and the other give credit. The necessary inferences are that he would do what he was called upon to do and would receive reasonable compensation. Where there is an express contract to pay for services and the contract is silent as to the value, the claimant may recover the reasonable value. Kellum v. Browning, 231 Ky. 308, 21 S. W. 2d 459; Sullivan's Adm'r v. Sullivan, 248 Ky. 744, 59 S. W. 2d 999; Flynn's Ex'r v. Mullett, 254 Ky. 90, 70 S. W. 2d 978. There is another aspect of this item. When Lee proved that he had done the work for the decedent, there was some burden upon the estate to prove that it had been paid for. Best v. Best's Adm'r, 74 S. W. 738, 25 Ky. Law Rep. 93. We reach the conclusion that the court should have allowed Lee credit for the amount claimed on this item, namely, $133.

The judgment is reversed.