## COMBS et al. v. TODD.

Court of Appeals of Kentucky.

Jan. 23, 1953.

E. C. Wooton and D. G. Boleyn, Hazard, for appellants.

W. E. Faulkner, Hazard, for appellee.

DUNCAN, Justice.

This is an action against the widow and heirs at law of Dr. S. P. Combs to foreclose a mortgage upon the real estate of the decedent in satisfaction of a note or notes aggregating $1,952.33. The Chancellor adjudged a lien and ordered a sale of the property. The widow and heirs have appealed.

In 1926, Dr. S. P. Combs purchased from his sister, the appellee, Diana Combs Todd, her interest in certain real estate in Clay County, Kentucky, which was inherited from her father. The note or notes in question, originally aggregating $4,000, have become lost or misplaced and were not made a part of the record. The omission is not material since there is no question concerning the execution of either one, or a series of several notes in that amount, due one year after date. To secure payment, Dr. Combs executed a mortgage to appellee on certain land in Perry County, Kentucky.

Dr. Combs died in June, 1942, and this action was filed on July 1, 1950. The petition alleges the original indebtedness, the execution of the mortgage, and payments by Dr. Combs in the total amount of approximately $2,000. The payments are alleged to have been made over a period of several years, the last being on December 23, 1940. The answer consists of a denial and an affirmative plea of the statute of limitations. Since we consider the question of limitations to be conclusive of the case, we shall not discuss or consider other questions raised in the briefs.

■ From the foregoing recitation of dates, it is apparent that the note or notes here involved are barred by KRS 413.090, unless payments within the statutory period are shown. Such payments were alleged, but in view of appellants' denial, the burden was on appellee to establish the payments by competent evidence. Kennedy v. Kennedy, 197 Ky. 784, 248 S. W. 182.

■ Appellee testified as to one hundred and sixty-five separate payments, extending from December 14, 1928 to December 23, 1940. She testifies that she maintained a written record of these transactions and that as payments were made she noted the date and amount of each payment upon a sheet of paper, which grew into several sheets as the number of payments mounted. She introduced in evidence five pages which she asserts contain a record of these payments, made in her own handwriting at or about the time the payments are alleged to have been made. Appellants

insist that this testimony is in direct violation of Section 606(2), Civil Code of Practice, and proper exceptions were filed and overruled by the court.

Section 606(2), so far as applicable here, provides:

"* * * no person shall testify for himself concerning any verbal statement of, or any transaction with, or any act done or omitted to be done * * * by one who is * * * dead when the testimony is offered to be given * * *."

In Brannen v. Lally's Adm'r, 260 Ky. 302, 85 S.W.2d 667, a case very close in its facts to the present action, this Court said:

"Plaintiff sought to avoid the bar of the statute by a claim that her father had paid interest on the note to May 1, 1917, as evidenced by indorsements to that effect in her handwriting on the back of the note. No attempt was made to show, except by plaintiff herself, when these self-serving notations were made on the note or that the amount credited represented an actual · payment by the debtor. Frazer's Adm'rs v. Frazer, 13 Bush 397, 76 Ky. 397; Samuel v. Samuel's Adm'r, 151 Ky. 235, 239, 151 S.W. 676, 42 L.R.A.,N.S., 1155, Ann.Cas.1915A, 278. Plaintiff was not a competent witness on the question of payments. Civ.Code Prac. § 606, subsecs. 2 and 6. There was no evidence whatever, of any probative force, upon which court or jury could speculate as to payments tolling the bar of the statute."

We think the testimony of appellee falls squarely within the inhibition of Section 606(2) of the Civil Code of Practice, and exceptions to it should have been sustained.

■ Appellee insists that the testimony is made competent by Section 606(6), Civil Code of Practice, which provides in part:

"A person may testify for himself as to the correctness of original entries made by him against persons who are under no disability—other than

infancy—in an accounting, according to the usual course of business though the person against whom they were made may have died or have become of unsound mind; * *. *."

The provision of the Civil Code of Practice just quoted is but a declaration of the common law rule respecting the admission of original memoranda, with the addition that a party in interest may testify concerning such entries, even as against one who is dead. It does not enlarge the type of entries which may be admissible, but merely extends the common law rule to a class against whom the evidence would not otherwise have been competent if given by a party in interest.

The cases of Clark v. Clark, 122 Ky. 145, 91 S.W. 284, 285 and Proctor v. Proctor's Adm'r, 118 Ky. 474, 81 S.W. 272, each involve entries made by the holder of a note which were offered in evidence against the deceased maker. The competency of such entries under the provisions of Section 606(6) was considered, and it was first said in the Proctor opinion, and subsequently quoted in the Clark opinion, that:

."The principle upon which it is rendered admissible is, therefore, limited in its operation to that character of dealing to which the law has prima facie ascribed a destitution of the ordinary means of proof, viz., the daily sale and barter of merchandise and other commodities, the performance of services and letting of articles to hire, and probably the payment, from time to time, of money placed on deposit, circumstances so frequent in succession ·and generally so trivial in their individual amount that the procurement of formal proofs cannot be expected, and would not compensate for the time necessary for the purpose. If the competency of the proof in this case be tested by the subject-matter, the entries in the books and the evidence in relation thereto were properly rejected. It was not the sale of the merchandise, or the performance of services, or the use of the property

hired and returned, or the payment from time to time of money on deposit, but the payment of an outstanding debt, evidenced by a note in writing; a payment on which should be established, according to the usual course of dealing, either by a, written · receipt indorsed upon the note, or taken upon a separate paper. In those states where this .character of testimony is deemed competent for any purpose it is not deemed sufficient to prove the payment of·money."

We do not think the entries made by appellee and received in evidence in this case constitute that class of records which the Code makes competent. Appellee cites the case of Bleak v. Machen, 301 Ky. 691, 192 S.W.2d 958. That case involved the competency of entries made concerning work performed for a person since deceased. The Proctor case expressly recognizes records concerning services performed 'for another as being within the class of original entries which are competent. This case is not in conflict with the earlier opinions and furnishes no authority for appellee's position.

■ · The only· other evidence .concerning the payments alleged to have been made by Dr. Combs was the testimony of present counsel for appellee, who had previously represented Dr. Combs. This testimony related to numerous conversations in which Dr. Combs discussed the notes and stated that payments had been made by him. Objection was made to this testimony, but it is not necessary for us to pass upon its competency since we do not consider it sufficient to indicate that payments were made within the statutory period. In relating conversations with Dr. Combs, the witness does not testify as to the date of any payment. Neither could the conversations be regarded as sufficient to constitute an acknowledgment of the indebtedness sufficient to avoid the statute since the acknowledgment was not made to the creditor ·or her agent, nor is' the action here upon a new promise.

Appellee also contends that the widow, Lucretia Combs, cannot complain of the

competency of the offered testimony since she was a party to the mortgage. There is no question concerning the execution of the mortgage, and the testimony does not relate to that instrument. Rather, it concerns the alleged payments on the note, and there is no intimation that any of the payments were made by her. We may also point out that the parties most affected by the judgment are the children. Since they were not parties to the mortgage, it is unnecessary to further consider the effect of the widow's joinder.

There being no competent evidence of payments within the statutory period sufficient to avoid its application, we are of the opinion that the plea of the statute of limitations should have been sustained and the petition dismissed.

The judgment is reversed for proceedings consistent with this opinion.