## Ford v. Hall et al.

March 21, 1947.

Chester D. Adams, Judge.

J. J. McBrayer and David S. Weil for appellant.

King Swope for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

This is a declaratory judgment action filed by Roy B. Hall and wife, Aline, the owners of a house and lot in Lexington, against L. A. Griffith and wife, who contracted to buy the property, and L. S. Ford, a real estate

broker who claimed a $500 commission for producing the purchaser. The chancellor was asked to determine whether or not the plaintiffs were entitled to specific performance of the contract by the Griffiths; and if not, to say whether the plaintiffs may recover from Ford the $500 commission they paid him. The chancellor in a well considered written opinion refused to decree specific performance of the contract but gave plaintiffs judgment against Ford for $500, the amount of commission they had paid him. Ford appears to be the only party dissatisfied with the judgment and he prosecutes this appeal against the Halls, and the Griffiths vanish from the case.

Griffith and his wife came to Lexington hunting a house and contacted Ford, a real estate broker. The Halls had not listed this house with Ford to sell, nevertheless he showed it to the Griffiths on July 18, 1944, and they became interested in buying it. On that day (July 18th) Ford had Griffith and wife sign a written contract, which Ford prepared describing the property, wherein the Griffiths agreed to purchase it for $10,500 and as evidence of good faith Griffith deposited his check for $1050 with Ford. This deposit was to be applied on the purchase price if Griffith's offer was accepted, otherwise to be returned to him. The contract further provided that Griffith would pay the balance of $9450 upon the passing of the deed on Aug. 19, 1944, "and the completion of a loan secured from Mr. Logan of the Franklin Pioneer Company of Lexington," and that the sellers would pay Ford's commission "out of this deposit." It was stated in the contract that it was to be accepted on or before July 20, 1944, and on that date Ford presented it to Hall who accepted and signed the contract.

There is evidence in the record to the effect that Ford assured Griffith that he could obtain a loan upon the property for Griffith for 80% of its value through the Franklin Pioneer Company, as provided in the contract; that when this loan did not materialize, Griffith on July 24th stopped payment on his check for $1050 which he had given Ford on July 18th as evidence of his good faith. When the Halls tendered Griffith a deed on August 10, he refused to accept it because, as he testified, Ford had "misrepresented things to him about the loan." When Roy B. Hall accepted the contract by

signing it, Ford endorsed Griffith's check to Hall and the latter gave his check to Ford in the sum of $500 in payment of his commission, and it is this sum which Hall seeks to recover from Ford. It might be well to remark here that there is no controversy about the amount of the commission, but only as to whether or not Ford earned this commission paid him by Hall before Griffith stopped payment on the check he left with Ford as evidence of his good faith.

Relying upon Swinebroad v. Foster, 196 Ky. 459, 244 S. W. 881, it is contended by Ford that as he in good faith produced a purchaser who was accepted by the seller, who entered into a written contract of sale with the purchaser, he, the broker, is entitled to his commission although the purchaser proved to be financially irresponsible and failed to make the deferred payment. There can be no doubt that this is the correct rule if the contract of employment only required the broker to produce a purchaser who is ready, able and willing to enter into a contract on the terms prescribed by the principal, and the seller accepted the purchaser produced by the broker and entered into a binding contract with the purchaser.

But we have no such contract before us in this instance. Here, the commission was to be paid out of the deposit which was only conditionally made to show the purchaser's good faith in buying the property if he could secure the loan from the Franklin Pioneer Company of Lexington, as provided in the contract. When Griffith was unable to procure this loan, which Ford represented he could obtain for him, the contract to purchase terminated, since the obtaining of the loan was the cornerstone in Griffith's agreement to buy the house. It was a condition precedent to Griffith buying the property and in effect the agreement so recited, Odem Realty Co. v. Dyer, 242 Ky. 58, 45 S. W. 2d 838. Ford was the agent or representative of Griffith who was to be paid by Hall and when Ford did not obtain the loan for his principal, then Griffith was within his rights in terminating the contract and stopping payment on his check, and Ford was not entitled to any commission since he failed to sell the Hall property.

The judgment is affirmed.